UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MARC PIERRE HALL                    :
        Petitioner              :
                              :
                              :   PRISONER CASE NO.
      v.                          :   3:04-cv-1059  (JCH)
                              :
WARDEN CHOINSKI and                 :
US ATTORNEY ASHCROFT                :   APRIL 28, 2006
        Respondents            :


**RULING ON MOTION FOR RELIEF FROM JUDGMENT [Dkt. No. 88]**

The petitioner, Marc Pierre Hall ("Hall"), is a federally-sentenced prisoner.  He

filed this habeas corpus action pro se pursuant to 28 U.S.C. § 2241 while he was

housed at Northern Correctional Institution in Somers, Connecticut, pursuant to an

intergovernmental agreement.  On May 27, 2005, the court denied the petition.  Hall

now has filed a motion for relief from judgment pursuant Federal Rules of Civil

Procedure 59(e) and 60(b).  For the reasons that follow, Hall's motion is denied.

Fed. R. Civ. P., Rule 59(e) provides that a motion to alter or amend judgment

must be filed within ten days after the entry of judgment.  Judgment in this case entered

on June 3, 2005, over ten months ago.  Thus, to the extent that Hall files this motion

pursuant to Rule 59(e), the motion is denied as untimely filed.

Fed. R. Civ. P., Rule 60(b) identifies several reasons for which a party may be

relieved from judgment:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2)
> newly discovered evidence which by due diligence could not
> have been discovered in time to move for a new trial under
> Rule 59(b); (3) fraud (whether heretofore denominated
> intrinsic or extrinsic), misrepresentation, or other misconduct
> of an adverse party; (4) the judgment is void; (5) the

> judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Hall argues, pursuant to subsection 3, that Bureau of Prisons officials misrepresented the documents authorizing his transfer to Connecticut because they indicated on transfer documents that he had no pending litigation when, in fact, Hall had a pending habeas corpus action in the Southern District of Illinois.[1]  Subsection 3 affords relief from judgment when an adverse party makes material misrepresentations to the court or perpetrates a fraud on the court.  See State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004)("To prevail on a Rule 60(b)(3) motion, a movant 'must show that the conduct complained of prevented the moving party from fully and fairly presenting his case'" (quoting Taylor v. Texgas Corp., 831 F.2d 255, 259 (11th Cir.1987))).  Rule 60(b)(3) cannot be used to relitigate the merits of the case.  See Fleming v. New York University, 865 F.2d 478, 484 (2d Cir. 1989) (holding that "a Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits").  Hall attempts to relitigate the merits of his claims by raising a non-material misrepresentation made by a federal correctional official in Illinois. Because this is an improper use of Rule 60(b)(3), Hall's motion is denied on this

---

[1]After his transfer, Hall filed a motion asking the Illinois court to transfer his case to Connecticut or permit him to withdraw the action.  The Illinois court granted the motion to withdraw without prejudice to refiling.  (See Dkt. No. 88 at Ex.E.)

2

ground.

Hall also contends that his transfer violated Rule 23(a) of the Federal Rules of Appellate Procedure, which provides that a prisoner who has a pending habeas corpus action seeking his release should not be transferred without obtaining permission from the appropriate Court of Appeals.  The purpose of the appellate rule is to prevent dismissal of a pending habeas corpus action as moot.  See Ward v. U.S. Parole Comm'n, 804 F.2d 64, 66 (7th Cir. 1986).  Many courts, however, have held that a transfer not in compliance with the rule does not deprive the court of jurisdiction over the habeas corpus action.  See id. (citing cases); see also Miller v. United States, No. Civ.A.03-5359, 2004 WL 887420, at * 1 (E.D. Pa. Apr. 23, 2004) (holding that district court where habeas petition was filed retained jurisdiction after federal prisoner was transferred to federal correctional facility in another district).  Hall's pending federal habeas action was withdrawn without prejudice at his request.  (See Dkt. No. 88 at Ex.E.)

Even if Hall were correct in his contention that he was improperly transferred to Connecticut, he has not show that he is entitled to release from custody.  At most, he would be entitled to be returned to the federal facility from which he was transferred. That has happened.  Hall's motion for relief from judgment is denied on this ground.

Hall also contends that, by transferring him to Connecticut, the Bureau of Prisons relinquished its jurisdiction over him and that the State of Connecticut lacked authority to transfer him back to the custody of the Bureau of Prisons.  Hall attaches to his motion a copy of the inter-governmental agreement pursuant to which he was

3

transferred to Connecticut.  The agreement provides that Connecticut will house up to fifteen federal inmates in exchange for the Bureau of Prisons housing the same number of Connecticut inmates.  The agreement provides for housing and care.  The fact that a federal inmate is housed in a Connecticut correctional facility does not transform that inmate into a state-sentenced inmate.  Although the warden of the Connecticut facility may have been Hall's immediate custodian, the warden was acting at all times as agent for the Bureau of Prisons.  The court concludes that Hall's argument that the Bureau of Prisons relinquished all control over him is without merit.

The arguments advanced in this motion do not justify relief from judgment.  Hall's motion [**Dkt. No. 88**] is **DENIED**.

**SO ORDERED.**

Dated this 28th day of April, 2006, at Bridgeport, Connecticut.


/s/ Janet C. Hall
Janet C. Hall
United States District Judge